UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   06-80031-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA

vs.

LYNN CLARK MANN,
a/k/a "clarkmann38,"

   Defendant.
_____/

## UNITED STATES' OBJECTIONS
## TO THE PRESENTENCE INVESTIGATION REPORT

The United States, by and through the undersigned Assistant United States Attorney, hereby files these objections to the Presentence Investigation Report ("PSI") prepared by the Probation Office.

1. **Objection to Reductions for Acceptance of Responsibility (¶¶ 18, 26, 27)**

The United States objects to the award of a three-level reduction for acceptance of responsibility. In order to qualify for any reduction under USSG § 3E1.1, a defendant must "clearly demonstrate[] acceptance of responsibility for his offense." USSG § 3E1.1(a). Because this is an offense level reduction, the defendant bears the burden of showing by a preponderance of the evidence that he is entitled to the reduction.

The Commentary to Section 3E1.1 further instructs:

> Entry of a plea of guilty prior to the commencement of trial *combined with truthfully admitting the conduct comprising the offense of conviction*, and truthfully admitting

1



or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*

U.S.S.G. § 3E1.1, comment. n.3 (emphasis added).

In this case, the defendant did enter a guilty plea to certain counts of the Indictment pursuant to a plea agreement. That plea agreement states that the parties will jointly recommend a three-level reduction for acceptance of responsibility *unless the defendant* "fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct." (Plea Agrmt ¶ 9.) Defendant Mann made the following statement to the Probation Office as proof of his "acceptance of responsibility":

> [The defendant] stated that he talked to a minor on the computer. They talked about sex and everything. She was 14 years old. They decided to meet. The defendant stated he just wanted to talk to her but law enforcement officers are saying he was going to have sex. He stated there is not way for him to prove it. He stated it is his word against his way of thinking. He stated people think he was going to have sex with her, but he was really just going to talk to her. He stated he was wrong for talking to her on the computer about sex and everything. He stated he was wrong. He stated there was another prior incident and everything, but it was all a game to him. He stated he just did not think this was real. He stated he was concerned. He admitted he was going to see her. He stated at first he thought it was a cop. All he wanted to do was talk. He stated he knows he is saying the same thing as the guys say on that show Dateline TV show, but who is going to believe him?

(PSI ¶ 18.)

In this statement, Mann accepts responsibility for nothing. His statement that "he just wanted to talk to her" is incredible in light of the facts set forth in the PSI, including:

(1)  during his on-line chats with the undercover, Mann discussed performing sexual acts on her and asked the undercover if she would perform oral sex on

2

him (PSI ¶¶ 9, 10);

(2) Mann transmitted images of adult pornography to the undercover to teach her about sex (PSI ¶ 8);

(3) Mann transmitted live images of himself masturbating while chatting with the undercover, sexually gratifying himself while chatting with her (PSI ¶ 9);

(4) Mann brought Viagra and condoms with him to the meeting (PSI ¶ 14);

(5) Mann wrote to the undercover, "I don't want to get in trouble." When the undercover asked Mann what he would get in trouble for, Mann responded, "maybe you tell someone" (PSI ¶ 11); and

(6) Mann admitted that he had images of child pornography on his computer (PSI ¶ 15).

Mann's statement to the Probation Office clearly demonstrates a lack of acceptance of responsibility. Accordingly, the United States objects to the three-level reduction.

2. **Objection to Statutory and Guideline Terms of Supervised Release (¶¶ 60, 61)**

Paragraph 60 of the PSI states that the maximum term of supervised release is not more than five years, citing 18 U.S.C. ¶ 3583(a), (b)(1). The defendant has been convicted of violating Title 18, United States Code, Section 2422(b). Accordingly, pursuant to 18 U.S.C. § 3583(k), "the authorized term of supervised release . . . is any term of years or life." Accordingly, the Court may impose a term of supervised release of up to the remainder of the defendant's lifetime.

Paragraph 61 of the PSI states that the guideline range for the term of supervised release is at least three years but not more than five years, citing USSG § 5D1.2(a)(1). However, USSG § 5D1.2(b) states that, where "the instant offense of conviction is a sex offense, however, the statutory

3

maximum term of supervised release is recommended." The defendant's crime of conviction is a "sex offense" as defined in Application Note 1 to § 5D1.2 because 18 U.S.C. § 2422(b) is within Chapter 117 of Title 18, and the defendant has been convicted of an attempt to commit a violation of § 2422(b). Thus, the guideline range for supervised release is at least three years and up to life, with a recommendation of lifetime supervised release.

3. **The Defendant Can Afford to Pay a Fine (¶ 56)**

The PSI reports that the defendant has a current net worth of $21,885, yet concludes that the defendant does not have the means to pay a fine. This is substantially more assets that the average criminal defendant has, and, thus, the Court should impose a fine of some amount.

**Conclusion**

For the foregoing reasons, the United States objects to the award of a three-level reduction for acceptance of responsibility and the legal conclusions regarding the limitations on the supervised release term that the Court can impose. The United States also respectfully submits that the defendant is capable of paying a fine and a fine should be imposed.

Respectfully submitted,
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: *[signature]*
A. MARIE VILLAFAÑA
Assistant United States Attorney
Florida Bar No. 0018255
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561 820-8711
Facsimile: 561 820-8777
ann.marie.c.villafana@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. Mail, this 9th day of July 2006, to the persons listed on the attached Service List.

*/s/ A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney

## SERVICE LIST
## UNITED STATES v. LYNN CLARK MANN
## CASE NO. 06-80031-Cr-Hurley/Vitunac

**Counsel for the United States:**

A. Marie Villafaña
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Phone: 561 820-8711
Facsimile: 561 820-8777
ann.marie.c.villafana@usdoj.gov


**Counsel for Lynn Clark Mann:**

Valentin Rodriguez, Esq.
601 N. Dixie Highway, Suite C
West Palm Beach, FL 33401
Phone:  561 832-7510
Facsimile:  561 514-0610
defend@bellsouth.net


**United States Probation Officer**

Sheila A. Parsons
501 S. Flagler Drive, Suite 400
West Palm Beach, FL 33401-5912
Phone 561 804-6853